UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :

NEHEMIAH ROLLE,                     :

                       :

           Plaintiff,       :

                       :             25-CV-10745 (JMF)

         -v-                   :

                       :         <u>MEMORANDUM OPINION</u>

JENNIFER E. WILLIS,           :         <u>AND ORDER TO SHOW</u>

                       :                 <u>CAUSE</u>

           Defendants.      :

                       :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Nehemiah Rolle, who is proceeding without counsel, brought this action on December 29, 2025, against Magistrate Judge Jennifer E. Willis.  ECF No. 1 ("Compl."), at 2. The Complaint arises from the proceedings in *Rolle v. Ricigliano*, 1:25-CV-3074 (JPC) (JW), in which Magistrate Judge Willis — to whom Judge Cronan referred the case — issued a Report and Recommendation on December 4, 2025.  *Rolle v. Ricigliano*, 1:25-CV-3074 (JPC) (JW), ECF No. 17 ("R&R"); Compl. 4.  Specifically, Rolle alleges that Magistrate Judge Willis criminally aided and abetted Francis D. Ricigliano — the defendant in *Rolle v. Ricigliano*. Compl. 4.  Because the doctrine of judicial immunity plainly bars this action and Plaintiff has history of frivolous litigation, the Court *sua sponte* DISMISSES the case as frivolous.  *See, e.g.*, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) (observing that a "district court[] may dismiss a frivolous complaint sua sponte even when," as here, "the plaintiff has paid the required filing fee").

Under the doctrine of judicial immunity, "[j]udges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority."  *Oliva v. Heller*, 839 F.2d

37, 39 (2d Cir. 1988).  Here, Rolle's claims against Magistrate Judge Willis are clearly premised on her official actions when she was presiding over *Rolle v. Ricigliano*, 1:25-CV-3074 (JPC) (JW).  Accordingly, and without regard for whether Plaintiff seeks damages, an injunction, or declaratory relief, the Complaint must be and is DISMISSED.  *See, e.g.*, *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act . . . taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Sun v. Mo*, No. 24-CV-3630 (KPF), 2024 WL 3639158, at *7 (S.D.N.Y. Aug. 2, 2024) (collecting cases that apply that provision of § 1983 to federal judges under *Bivens*); *see also Tavarez v. Reno*, 54 F.3d 109, 109-10 (2d Cir. 1995) ("Although [Plaintiff] brought the action under § 1983, the district court properly construed the complaint as an action under *Bivens*").  Furthermore, the Court declines to *sua sponte* grant Plaintiff leave to amend the Complaint.  Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant plaintiffs proceeding without counsel leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the defects in Plaintiff's claims are substantive, so amendment would plainly be futile.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Moreover, this is not the first frivolous case against judges that Rolle has filed.  As described by Magistrate Judge Willis, "Rolle has a long history of bringing lawsuits" against judges "in state and federal court."  R&R 2.  In federal court alone, Rolle has filed fourteen

2

lawsuits against federal judges, all of which have been dismissed.  *Id.* (citing cases).  On the basis of this history, the New York State Supreme Court and the Eastern District of New York have issued filing injunctions against Rolle.  *Id.*  The Court may issue a filing injunction when a litigant has a "history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'"  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)); *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (internal quotation marks omitted)); *see also, e.g.*, *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam) (identifying factors that a court must consider in weighing whether to restrict a litigant's future access to the courts).  There appears to be a strong case for such an injunction here, substantially for the reasons stated by Magistrate Judge Willis.  Accordingly, Plaintiff is ORDERED to show cause in writing, no later than **February 2, 2026**, why the Court should not issue a filing injunction barring her from filing further lawsuits in the Southern District of New York without prior leave of the Court.

The Clerk of Court is directed to close the case and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 20, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3