UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                               :

NEHEMIAH ROLLE,                           :

                              :

                 Plaintiff,         :

                              :        25-CV-10745 (JMF)

       -v-                      :

                              :      MEMORANDUM OPINION

JENNIFER E. WILLIS,                 :         AND ORDER

                              :

                 Defendant.       :

                              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Nehemiah Rolle, who is proceeding without counsel, brought this action on December 29, 2025, against Magistrate Judge Jennifer E. Willis. ECF No. 1 ("Compl."), at 1-2. The Complaint arises from the proceedings in *Rolle v. Ricigliano*, No. 25-CV-3074 (JPC) (JW), in which Magistrate Judge Willis — to whom Judge Cronan had referred the case — issued a Report and Recommendation on December 4, 2025. *Rolle v. Ricigliano*, No. 25-CV-3074 (JPC) (JW), ECF No. 17 ("R&R"); Compl. 4. On January 20, 2026, the Court *sua sponte* dismissed the case as frivolous because the doctrine of judicial immunity plainly barred the action. ECF No. 4; *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) (observing that a "district court[] may dismiss a frivolous complaint *sua sponte* even when," as here, "the plaintiff has paid the required filing fee"). In light of Rolle's history of frivolous litigation, the Court also ordered Rolle to show cause no later than February 2, 2026, why the Court should not issue a filing injunction barring her from filing further lawsuits in the Southern District of New York without prior leave of the Court. ECF No. 4. On February 9, 2026, after no response was filed, the Court, as a courtesy, extended that deadline *nunc pro tunc* to Feburary 16, 2026. ECF No. 5. To date, Rolle has filed no response.

The Second Circuit has recognized that a civil litigant's "opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower,* 20 F.3d 42, 44 (2d Cir. 1994). Such limitations have taken the form of injunctions requiring a plaintiff to obtain the leave of court for any future filings. *Id.* (citing *In re Burnley,* 988 F.2d 1 (4th Cir. 1992); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512 (11th Cir. 1991)). The Second Circuit has advised that, "in determining whether or not to restrict a litigant's future access to the courts," district courts

> should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986); *see also, e.g.*, *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam) (applying the same factors to consider whether to restrict a litigant's future access to the courts). "Ultimately," the Second Circuit summarized, "the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24. A "district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

Weighing these factors, the Court concludes that a filing injunction is warranted. This is not the first frivolous case against judges that Rolle has filed. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (holding that a filing injunction is appropriate when a litigant has a "history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'" (quoting *In re Martin-*

2

*Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).  Indeed, as described by Magistrate Judge Willis, "Rolle has a long history of bringing lawsuits" against judges "in state and federal court."  R&R 2.  In federal court alone, Rolle has filed fourteen lawsuits against federal judges, all of which have been dismissed on the basis of judicial immunity.  *Id.* (citing cases).  In light of this history, the New York State Supreme Court and the Eastern District of New York have issued filing injunctions against Rolle.  *Id.*  It is high time for this Court to follow suit.  Indeed, when a litigant repeatedly abuses the court system, as Rolle has, "[a] district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation."  *Safir*, 792 F.2d at 24.

Accordingly, it is hereby ORDERED that Rolle is required to seek leave of Court before commencing any new actions in the Southern District of New York against a federal judge.  *See id.* at 25 (holding that an injunction that precludes a plaintiff "from instituting any action whatsoever, is overly broad"); *see also Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 (2d Cir. 2003).  Rolle must attach a copy of the proposed complaint *and* a copy of this order to any motion seeking leave to file.  The motion must be filed with the Pro Se Intake Unit of this Court.  If Rolle violates this Order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this Order and Rolle may be subject to sanctions.  The Clerk of Court is directed to mail a copy of this Order to Rolle.

SO ORDERED.

Dated: March 5, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

3